# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ARTIN NAZARIAN,

Plaintiff,

vs.

ADECCO USA, INC.,

Defendant.

CASE NO. 15cv1274-LAB (JMA)

**ORDER DENYING JOINT MOTION TO STAY; AND**

**ORDER GRANTING MOTION TO COMPEL ARBITRATION; AND**

**ORDER OF DISMISSAL**

The procedural history of this case is unusually complex. It was filed as a putative class action in state court, and removed under the Class Action Fairness Act. Defendant Adecco USA then moved to compel arbitration and to dismiss the action without prejudice as to the putative class members. (Docket no. 8.) Plaintiff Artin Nazarian then filed a related case arising from the same nucleus of operative facts in state court. In this case, he then filed a response conceding that his own claims are arbitrable, and that dismissal of the putative class members' claims without prejudice was proper. (Docket no. 10.) But in his response, he argued that his claims in the other pending action were not subject to arbitration. The parties then filed a joint motion to stay this action pending resolution of the case in state court. (Docket no. 13.)

Adecco then removed the other action to this Court. It was docketed as 15cv2148, *Nazarian v. Adecco*, deemed related to this case, and transferred to the undersigned judge

as provided under local rules. In the joint motion to stay, the parties noted Adecco's argument that case 15cv2148 should be tried together with this case. While the joint motion raised nebulous concerns about jurisdictional issues in 15cv2148 and suggested that the issue be briefed, Nazarian did not file a motion for remand.

It has therefore fallen to the Court in the other case to raise the issue of jurisdiction and possible remand *sua sponte*. Concurrently with this order, the Court is issuing an order to show cause re: remand in case 15cv2148.

In this case, however, because the parties agree Nazarian's claims are subject to mandatory arbitration, it is clear he cannot continue to litigate them. Because Nazarian's claims are arbitrable, the putative class members' claims probably are as well, although the Court need not and does not decide this issue. In any event, he has not sought further relief on a classwide basis, and he does not seek to continue his role as class representative — at least, not as to the claims in this case. No other potential representative has been proposed to replace Nazarian, and no class has been certified. Dismissal without prejudice would not bind the unnamed class members, and is therefore appropriate. *Compare Botelho v. Hawaii*, 2015 WL 2088877, at *3 (D. Haw. Feb. 25, 2010) (citing *Sosna v. Iowa*, 419 U.S. 393 (1975)) (holding that if class representative's claim becomes moot before a class is certified, the case should generally be dismissed).

In view of the developments of this and the related case, the joint motion to stay (Docket no. 13) is **DENIED AS MOOT**. The unopposed motion to compel arbitration and to dismiss without prejudice the class claims (Docket no. 8) is **GRANTED**. Nazarian is **ORDERED** to arbitrate his claims on an individual basis only. The classwide and representative claims are **DISMISSED WITHOUT PREJUDICE**. The action as a whole is also **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: March 15, 2016

Larry A. Burns

**HONORABLE LARRY ALAN BURNS**
United States District Judge